IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RICARDO VARGAS**                                    **PLAINTIFF**

vs.                                         No. 5:21-cv-154

**JOSE MARTINEZ**                                    **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Ricardo Vargas ("Plaintiff"), by and through his attorneys Merideth Q. McEntire and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Jose Martinez ("Defendant"), he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and applicable administrative rules and regulations for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff proper wages for all hours that Plaintiff worked.

2. Plaintiff also brings this action under the Families First Coronavirus Response Act, Division E—Emergency Paid Sick Leave Act, 29 U.S.C. § 2601, *et seq.* ("FFCRA"), for declaratory judgment, monetary damages, and a reasonable attorney's fee and costs as a result of Defendants' failure to pay

Plaintiff sick leave as required under the FFCRA, and as a result of Defendant's unlawful retaliation under the FFCRA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant conducts business within the State of Texas.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

6. Plaintiff was employed by Defendant at its facilities located in Helotes.

7. The acts alleged in this Complaint had their principal effect within the San Antonio Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff is an individual and a resident of Bexar County.

9. Defendant is an individual and a resident of Texas.

10. Defendant does business as Alamo Extreme AC & Heating, LLC.

11. Alamo Extreme AC & Heating, LLC, was registered with the Texas Secretary of State, but has since forfeited existence.

12. Defendant maintains a website at https://www.alamoxtreme.com/.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

14. Defendant's primary business is installing and repairing HVAC systems.

15. Defendant has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, such as tools and equipment.

16. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

17. Plaintiff used instrumentalities of interstate commerce such as the telephone and the internet in performing his duties, as well as to communicate with Defendant regarding his job duties and work schedule.

18. At all relevant times herein, Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

19. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

20. At all relevant times herein, Defendant directly hired Plaintiff to work at its jobsites, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

21. Plaintiff was employed by Defendant from May of 2019 until September of 2020 as a service technician.

22. Until August of 2020, Defendant classified Plaintiff as a salaried employee, exempt from the overtime requirements of the FLSA.

23. In August of 2020, Defendant began paying Plaintiff an hourly rate.

24. As a service technician, Plaintiff was primarily responsible for inspecting residential AC systems, providing Defendant's customers with estimates for repairs, and performing repairs and maintenance on AC systems.

25. Plaintiff did not hire or fire any other employee.

26. Plaintiff was not asked to provide input as to which employees should be hired or fired.

27. Plaintiff did not exercise discretion or independent judgment as to matters of significance.

28. Plaintiff's primary duties were repetitive, rote or mechanical tasks which were subject to close review and management.

29. Plaintiff sought input from his supervisors in lieu of making significant decisions on his own.

30. Plaintiff was a classic "blue collar worker" within the meaning of the FLSA.

31. Plaintiff regularly worked over forty hours each week during most months.

32. Plaintiff estimates he generally worked between 45 and 50 hours per week, except during the winter months, when he generally worked between 30 and 35 hours per week.

33. Plaintiff was not paid overtime wages for hours worked over forty per week.

34. At all relevant times herein, Defendant has deprived Plaintiff of overtime compensation for all of the hours worked over forty per week.

35. Defendant texted Plaintiff his work schedule for the day each morning.

36. Plaintiff checked in with Defendant upon completing each job throughout the day.

37. Defendant knew or should have known that Plaintiff was working over forty hours in most weeks.

38. Defendant knew or showed reckless disregard for whether his actions violated the FLSA.

39. In August of 2020, one of Plaintiff's coworkers with whom Plaintiff worked closely tested positive for COVID-19.

40. Plaintiff took a COVID-19 test which came back with negative results, but Plaintiff's doctor instructed him to quarantine for two weeks regardless. Plaintiff immediately notified Defendant of the doctor's instructions to quarantine.

41. Defendant approved Plaintiff's time off but refused to pay Plaintiff sick leave.

42. Plaintiff took leave from August 12 until August 24.

43. Plaintiff returned to work on August 25.

44. Upon Plaintiff's return to work, Defendant informed Plaintiff that he had hired someone to replace Plaintiff, and that the only position he had available for Plaintiff was a part-time position at less pay.

45. Plaintiff worked in this part-time position until September 3, when Defendant terminated Plaintiff's employment.

46. Defendant failed to pay Plaintiff sick leave in violation of the FFCRA.

47. Defendant unlawfully disciplined, discharged and discriminated against Plaintiff because he took leave in accordance with the FFCRA.

## V. FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

49. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40

each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

51. At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

52. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate of pay for all hours worked over 40 each week.

53. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

54. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

**VI.  SECOND CAUSE OF ACTION—VIOLATION OF THE FFCRA**

55. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

56. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FFCRA, 29 U.S.C. § 5101, et seq.

57. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FFCRA, 29 U.S.C. § 5110(2).

58. At all relevant times, Plaintiff was an "employee" within the meaning of the FFCRA, 29 U.S.C. § 5110(1).

59. Section 5102 requires employers to pay employees paid sick leave for up to eighty hours if "the employee has been advised by a health care provider to self-quarantine due to concerns related to COVID-19."

60. Despite Plaintiff's entitlement to paid sick leave under the FFCRA, Defendant failed to pay Plaintiff sick leave while he self-quarantined.

61. Section 5104 of the FFCRA prohibits employers from discharging, disciplining or discriminating against an employee who takes leave in accordance with the FFCRA.

62. Defendant disciplined or discriminated against Plaintiff because he took leave in accordance with the FFCRA.

63. Defendant terminated Plaintiff's employment because he took leave in accordance with the FFCRA.

64. Defendant knew or should have known that his practices violated the FFCRA.

65. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

66. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, reinstatement, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the FFCRA.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Ricardo Vargas respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and its related regulations;

C. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and its related regulations;

D. Judgment for liquidated damages pursuant to the FLSA and its related regulations;

E. Judgment for damages suffered by Plaintiff for all unpaid wages under the FFCRA and its related regulations;

F. Judgment for liquidated damages pursuant to the FFCRA and its related regulations;

G. Reinstatement pursuant to the FFCRA and its related regulations;

H. An order directing Defendant to pay Plaintiff prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

I. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF RICARDO VARGAS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com